**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSHUA BHOOPSINGH,

          Plaintiff,

                                Case No. 1:14-cv-03294-JG-MDG

v.

CHASE BANK USA, N.A., AFNI, INC.,
COLLECTO, INC. D/B/A EOS CCA,
AT&T MOBILITY LLC and "XYZ CORP. # 1-10",

          Defendants.

_____/

**DEFENDANT, AFNI, INC.'S, ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

      Defendant, Afni, Inc. (AFNI), through counsel and pursuant to the Federal Rules

of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed

by plaintiff, Joshua Bhoopsingh (plaintiff), and states:

**THE PARTIES**

      1.     Upon information and belief, AFNI admits the allegations in ¶ 1.

      2.     Upon information and belief, AFNI admits the allegations in ¶ 2.

      3.     AFNI admits the allegations in ¶ 3.

      4.     AFNI denies the allegations in ¶ 4 for lack of knowledge or information

sufficient to form a belief therein.

      5.     Upon information and belief, AFNI admits the allegations in ¶ 5.

      6.     AFNI denies the allegations in ¶ 6 for lack of knowledge or information

sufficient to form a belief therein.

**THE FACTS**

7.    AFNI denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.    AFNI denies the allegations in ¶ 8.

9.    AFNI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.    AFNI denies the allegations in ¶ 10.

11.    AFNI denies the allegations in ¶ 11.

12.    Plaintiff's credit report speaks for itself and is the best evidence of its contents.  To the extent that the allegations in ¶ 12 state otherwise, they are denied.

13.    AFNI denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14.    AFNI denies the allegations in ¶ 14.

15.    AFNI denies the allegations in ¶ 15.

**FIRST CAUSE OF ACTION**
**UNFAIR & DECEPTIVE PRACTICES**

16.    AFNI incorporates the foregoing as if fully stated herein.

17.    AFNI denies the allegations in ¶ 17.

18.    AFNI denies the allegations in ¶ 18.

19.    AFNI denies the allegations in ¶ 19.

20.    AFNI denies the allegations in ¶ 20.

21.    AFNI denies the allegations in ¶ 21.

22.     AFNI denies the allegations in ¶ 22.

23.     AFNI denies the allegations in ¶ 23.

24.     AFNI denies the allegations in ¶ 24.

25.     AFNI denies the allegations in ¶ 25.

26.     AFNI denies the allegations in ¶ 26.

27.     AFNI denies the allegations in ¶ 27.

**SECOND CAUSE OF ACTION**
**NEGLIGENT REPORTING OF CREDIT**

28.     AFNI incorporates the foregoing as if fully stated herein.

29.     AFNI denies the allegations in ¶ 29 as calling for a legal conclusion.

30.     AFNI denies the allegations in ¶ 30.

31.     AFNI denies the allegations in ¶ 31.

**THIRD CAUSE OF ACTION**
**DEFAMATION OF CREDIT**

32.     AFNI incorporates the foregoing as if fully stated herein.

33.     AFNI denies the allegations in ¶ 33.

34.     AFNI denies the allegations in ¶ 34.

**FORTH CAUSE OF ACTION**
**INJUNCTION**

35.     AFNI incorporates the foregoing as if fully stated herein.

36.     AFNI denies the allegations in ¶ 36.

**CONCLUSION**

37.     AFNI denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

## AFNI'S AFFIRMATIVE DEFENSES

1.      To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.      AFNI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of AFNI's purported violations.

3.      One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.      Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than AFNI and were beyond the control or supervision of AFNI or for whom AFNI was and is not responsible or liable.

6.      Plaintiff has failed to state a claim against AFNI upon which relief may be granted.

WHEREFORE, Defendant, Afni, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated:  June 4, 2014                          Respectfully submitted,

                                              s/ Aaron R. Easley
                                              Aaron R. Easley, Esq. (ae9922)
                                              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                              3 Cross Creek Drive
                                              Flemington, New Jersey 08822-4938
                                              Telephone: (908) 237-1660
                                              Facsimile: (908) 237-1663

Email: aeasley@sessions-law.biz
*Attorneys for Defendant,*
*Afni, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of June 2014, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Michael L. Hurwitz, Esq.
THE HURWITZ LAW FIRM PC
2 West 46th Street, Suite 207
New York, NY 10036
*Attorney for Plaintiff*

Michelle E. Tarson, Esq.
STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
401 Franklin Avenue, Suite 300
Garden City, NY 11530
*Attorney for Defendant,*
*Chase Bank USA, N.A.*

s/ Aaron R. Easley
Aaron R. Easley, Esq.
*Attorney for Defendant,*
*Afni, Inc.*